UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
FELIX CASTRO, on behalf of himself and        CASE NO.: 1:23-cv-09089-JMF-JW
all others similarly situated,

        Plaintiff,

v.

PERFORMANCE SUPPLEMENTS, LLC,

        Defendant.
---------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, PERFORMANCE SUPPLEMENTS, LLC, ("Defendant"), by and through undersigned counsel and pursuant to the Federal Rule of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

1. Denied.

2. Unknown, therefore denied.

3. Unknown, therefore denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. This is a pure statement of law; therefore denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Unknown, therefore denied.

16. Denied.

17. Admitted that Defendant is an Arizona Limited Liability Company. Otherwise denied.

18. Denied.

19. Unknown, therefore denied.

20. Unknown, therefore denied.

21. Unknown, therefore denied.

22. Unknown, therefore denied.

23. Unknown, therefore denied.

24. Admitted that Defendant controls and operates performancesupp.com. Otherwise denied.

25. The website speaks for itself; as such, denied.

26. The website speaks for itself; as such, denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied, including all sub-parts.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendant re-avers its answers to Paragraphs 1 through 52 above as though fully set forth herein.

54. This is a legal conclusion, therefore denied.

55. This is a legal conclusion, therefore denied.

56. This is a legal conclusion, therefore denied.

57. This is a legal conclusion, therefore denied.

58. This is a legal conclusion, therefore denied.

59. This is a legal conclusion, therefore denied.

60. This is a legal conclusion, therefore denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Defendant re-avers its answers to Paragraphs 1 through 68 above as though fully set forth herein.

70. This is a legal conclusion, therefore denied.

71. This is a legal conclusion, therefore denied.

72. This is a legal conclusion, therefore denied.

73. Denied.

74. Denied.

75. This is a legal conclusion, therefore denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Defendant re-avers its answers to Paragraphs 1 through 83 above as though fully set forth herein.

85. Unknown, therefore denied.

86. This is a legal conclusion, therefore denied.

87. This is a legal conclusion, therefore denied.

88. This is a legal conclusion, therefore denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Defendant re-avers its answers to Paragraphs 1 through 96 above as though fully set forth herein.

98. This is a legal conclusion, therefore denied.

99. This is a legal conclusion, therefore denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Defendant re-avers its answers to Paragraphs 1 through 108 above as though fully set forth herein.

110. Denied.

111. Denied.

## **AFFIRMATIVE DEFENSES**

Subject to its responses above, and without conceding that any of the following defenses must necessarily be pled or that any such defenses are not already at issue by virtue of the foregoing denials, Defendant asserts the following defenses. Defendant undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative and other defenses described below, Defendant reserves the right to amend this Answer and the Affirmative Defenses as additional information is obtained.

1. Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing to assert such claims. Plaintiff is not a qualified individual with a disability under the ADA. Further, there is an insufficient nexus between Plaintiff's alleged disability and the proposed modifications. Finally, Plaintiff cannot demonstrate an immediate intent to return to the subject website.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff's proposed modifications are not readily achievable.

3. Plaintiff's claims are barred, in whole or in part, because the proposed modifications and/or steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, and/or accommodations provided.

4. Plaintiff's claims are barred, in whole or in part, because the proposed modifications would constitute an undue burden on Defendant.

5. Plaintiff's claims are barred, in whole or in part, because the proposed modifications would result in a direct threat to the safety of others.

6. Plaintiff's claims are barred, in whole or in part, because the proposed modifications are structurally impracticable.

7. Plaintiff's claims are barred, in whole or in part, because the proposed modifications are technically infeasible.

8. Plaintiff has failed to provide Defendants with notice and/or an opportunity to cure any alleged violations, all such violations being specifically denied, and therefore Plaintiff and its counsel are not entitled to any relief, nor are they entitled to recover attorneys' fees or costs.

9. Some of the modifications demanded by Plaintiff are subject to and limited by applicable local, state, or other laws, and, as such, may not be able to be performed; assuming *arguendo* that such modifications would otherwise be required.

10. Any and all violations of the ADA have been remediated, or will be remediated prior to the entry of judgment, and therefore Plaintiff's claims are moot.

11. Plaintiff's claims are barred to the extent that said violations were part of a prior ADA lawsuit, and were remediated as part of a settlement in said lawsuit and said remediation plan led to the dismissal of the prior case.

12. Plaintiff has not alleged, nor can he show, that future harm, if any, is imminent and irreparable. As result, injunctive relief is not appropriate.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend these affirmative defenses as and if appropriate as discovery in this case proceeds.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Defendant*
5550 Glades Road, Suite 500
Boca Raton, FL 33431
PH: (954) 745-0588

By: */s/ Nolan K. Klein*
NOLAN K. KLEIN
(NK 4223)
klein@nklegal.com
amy@nklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **26th** day of **December,** 2023.

By: */s/ Nolan Klein*
NOLAN KLEIN, ESQ.

## SERVICE LIST:

**NOOR A. SAAB, ESQ.**
THE LAW OFFICE OF NOOR A. SAAB, ESQ.
*Attorneys for Plaintiff*
380 North Broadway, Penthouse West
Jericho, New York 11753
Tel: 718-740-5060
Fax: 718-709-5912
Email: NoorASaabLaw@gmail.com